IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTONIO ACOSTA, ) | No. C 10-1544 MMC (PR) |
| ) | |
| Petitioner. ) | **ORDER OF DISMISSAL;** |
| ) | **GRANTING LEAVE TO PROCEED** |
| v. ) | **IN FORMA PAUPERIS** |
| ) | |
| WARDEN GONZALEZ, ) | **(Docket No. 2)** |
| ) | |
| Respondent. ) | |
| _____ ) | |

      On April 9, 2010, petitioner, a California prisoner proceeding pro se, filed the above-titled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner challenges the validity of a restitution fine imposed by the Alameda County Superior Court in connection with petitioner's conviction for first degree murder.  Petitioner seeks leave to proceed in forma pauperis.  The petition is subject to dismissal for the following reasons.

      As an initial matter, the petition must be dismissed because petitioner's claim is not cognizable in federal habeas corpus.  Specifically, the requirement, under 28 U.S.C. § 2254, that a habeas petition can be entertained "only on the ground that [the petitioner] is in custody in violation of the Constitution or laws or treaties of the United States," is not satisfied if success on the claim presented does not result in a change in the restraint on the petitioner's liberty.  See Bailey v. Hill, No. 09-35450, slip op. 4859, 4866-67 (9th Cir. Mar. 25, 2010) (holding custody requirement not satisfied by claim challenging restitution order; noting success might cause money award to be set aside but would not affect restraint on

petitioner's liberty); see also Edmunds v. Won bae Chang, 509 F.2d 39, 41 (9th Cir. 1975) (holding habeas jurisdiction does not exist to test "fine only" sentence).

Further, the petition must be dismissed because the claim is unexhausted. Prisoners in state custody who wish to challenge collaterally in federal habeas proceedings either the fact or length of their confinement are first required to exhaust state judicial remedies, either on direct appeal or through collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every claim they seek to raise in federal court. See 28 U.S.C. § 2254(b)-(c), Rose v. Lundy, 455 U.S. 509, 515-16 (1982). Consequently, before petitioner may proceed by way of federal habeas corpus he first must present to the California Supreme Court any claim he seeks to challenge in federal court. An unexhausted petition must be dismissed. See Rose, 455 U.S. at 510.

In the instant case, petitioner states in his petition that he has challenged the validity of the restitution fine by filing a petition for a writ of habeas corpus in the superior court, which petition was denied on February 19, 2010 (Pet. at 4:18-25), and that he currently has no other post-conviction proceedings pending (Pet. at 5:22); petitioner does not state he further pursued his claim all the way to the California Supreme Court. Consequently, even if petitioner's restitution claim were cognizable in federal habeas corpus, it is unexhausted because he has not presented such claim to the highest state court.

Accordingly, for the foregoing reasons, the petition is hereby DISMISSED

In light of petitioner's lack of funds, the application to proceed in forma pauperis is hereby GRANTED.

This order terminates Docket No. 2.

The Clerk shall close the file.

IT IS SO ORDERED.

DATED: April 23, 2010

_____
MAXINE M. CHESNEY
United States District Judge